In the Matter of A & B HEATING & AIR CONDITIONING, Debtor.

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**A & B HEATING & AIR CONDITIONING, INC., Defendant–Appellee.**

No. 86–3440.

United States Court of Appeals, Eleventh Circuit.

Dec. 27, 1988.

As Amended Jan. 19, 1989.

Robert W. Merkle, Jr. U.S. Atty., Virginia M. Covington, Asst. U.S. Atty., Tampa, Fla., Gary D. Gray, Tax Div., Wynette J. Hewett, Dept. of Justice, Washington, D.C., Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, Michael L. Paup, Chief, Appellate Section, Washington, D.C., for plaintiff-appellant.

Patti W. Medearis, Straske, Farfante, Segall & Arcuri, Tampa, Fla., for defendant-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HILL and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HILL, Circuit Judge:

This court rendered an opinion in this case, *United States v. A & B Heating & Air Conditioning,* 823 F.2d 462 (11th Cir. 1987). On May 16, 1988, the Supreme Court of the United States granted a writ of certiorari, vacated our opinion and remanded the case to us to consider the question of mootness, —— U.S. ——, 108 S.Ct. 1724, 100 L.Ed.2d 189. We decide that the issue in this case is not moot.

In 1984, the debtor, A & B Heating & Air Conditioning, Inc. (A & B), filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The government then filed a proof of claim to collect taxes in the bankruptcy proceeding, asserting its status as a priority claim. The taxes for which debtor was liable consisted of both trust fund taxes and taxes imposed upon the debtor as employer.[1]

Ultimately, the debtor proposed a plan of reorganization that provided for payment of its priority tax liabilities over a period

---

**1.** Trust fund taxes are social security and federal income taxes that an employer withholds from the pay of employees. An employer holds these funds in trust for the United States. 26 U.S.C. § 7501.

not to exceed six years, as required by the Bankruptcy Code. 11 U.S.C. § 1129(a)(9)(C). Included in the proposed plan was a provision designating that the payments made on the tax liabilities would be applied first to offset the trust fund liability.[2] When the trust fund liability was satisfied, the payments by the debtor then would be applied to offset the non-trust fund liability.

The government objected to the debtor's reorganization plan, claiming that the debtor had no right to allocate its payment of taxes. It argued that tax payments made pursuant to a bankruptcy plan are involuntary. On account of the payments being involuntary, the government contended that the debtor therefore should not be permitted to designate that its payments first offset the trust fund liability before being applied to reduce the non-trust fund liability.

The Bankruptcy Court for the Middle District of Florida overruled the government's objection and confirmed the plan of reorganization. The district court affirmed. On appeal, this court decided that the allocation of payments question should be decided on a case-by-case basis wherein the equities concerning the particular allocation would be considered. *United States v. A & B Heating & Air Conditioning, Inc.*, 823 F.2d 462 (11th Cir.1987). Accordingly, we remanded to the district court with directions that the bankruptcy court make specific findings regarding whether the debtor should be allowed to allocate its payment of taxes.

The government then filed a petition for a writ of certiorari with the Supreme Court of the United States, seeking to resolve an alleged conflict between this court's holding and decisions of other circuits holding that a debtor is not entitled to designate the allocation of involuntary payments of tax liabilities. See *United States v. Technical Knockout Graphics, Inc.*, 833 F.2d 797 (9th Cir.1987); *In re Ribs–R–Us, Inc.*, 828 F.2d 199 (3d Cir.1987). Meanwhile, Arthur Clement, Jr., the sole officer and shareholder of A & B, sold his house and paid in full the liability assessed against him under section 6672 of the Internal Revenue Code. *supra* at note 2. In response to the government's petition to the Supreme Court, the debtor argued that Mr. Clement's payment had made the case moot. On May 16, 1988, the Supreme Court granted a writ of certiorari in this case, vacated our opinion, and remanded the case to us to consider the question of mootness. *United States v. A & B Heating and Air Conditioning, Inc.*, 823 F.2d 462 (11th Cir.1987), *vacated in part and remanded in part,* — U.S. ——, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988).

A & B maintains that Mr. Clement's payment of his section 6672 "responsible person" liability renders moot the government's objection to A & B's reorganization plan. The debtor reasons that since Mr. Clement satisfied the trust fund tax liability, it too no longer owes trust fund taxes. Therefore, it concludes that "the designation provision in the plan has become inoperative" and that the Internal Revenue Service can now apply the debtor's payments to the non-trust fund liability.

We disagree that Mr. Clement's payment satisfying his trust fund tax liability imposed by 26 U.S.C. § 6672, by itself, moots the question concerning whether A & B is entitled to designate the allocation of its tax payments. Payment by a responsible person of his full section 6672 liability does not immediately abate the debtor's liability for the trust fund taxes because the responsible person still may seek a refund under 26 U.S.C. § 6511.[3] Until the final

---

**2.** The Internal Revenue Code imposes personal liability on responsible corporate officers who fail to remit trust fund taxes to the government. 26 U.S.C. § 6672. The government suggests that A & B wished to have its payments applied first to the trust fund portion of the liability in order to reduce or extinguish the separate liability for the trust fund imposed on Arthur Clement, Jr., the debtor's president and sole shareholder.

**3.** 26 U.S.C. § 6511 provides: "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by

adjudication of a refund suit or until the time for filing a refund suit has expired, it is not certain that the government will be able to retain the payment made by the responsible person. *Gens v. United States*, 615 F.2d 1335, 1340, 222 Ct.Cl. 407 (1980). Thus, the government may not ignore a designation provision in a Chapter 11 plan solely because the responsible person has satisfied his section 6672 liability.[4]

In this case, with a designation provision, if the reorganization plan were to fail within the period of time in which the responsible person, Mr. Clement, still could file a section 6511 claim for a refund of his trust fund tax payment, then the government would not be able to have a maximal recovery of A & B's tax liabilities. Under the designation provision, A & B's payments first would be allocated to the trust fund liability and only secondarily to the non-trust fund liability. This would provide Mr. Clement with a basis for a refund claim of his trust fund payments. As a result, a larger unpaid portion of A & B's non-trust fund liability would exist then if no designation provision governed the allocation of A & B's payments. That is, if there were no designation provision, the government could apply A & B's payments first to the non-trust fund liability and then to the trust fund liability. Mr. Clement would be eligible for a refund equal to the amount of trust fund taxes that A & B paid, but only after A & B first fully satisfied the non-trust fund liability. Thus, without a designation provision, if the reorganization plan were to fail before full satisfaction of both liabilities, the government at least would recover all of the trust fund taxes, as paid by Mr. Clement, and whatever portion of the non-trust fund liability that A & B paid before the plan failed. The difference in the government's comparative ability to recover both the trust fund and non-trust fund taxes illustrates that the designation provision would have a continuing effect

despite Mr. Clement's payment of the trust fund taxes. Therefore, we conclude that the issue of whether the debtor should be allowed to allocate its payments of taxes is not moot.

As we have decided, the case is not moot as it now stands. The Supreme Court has considered this case on certiorari, vacated our earlier opinion, and remanded the case for us to consider whether it is moot *vel non*. After briefing by the parties, this court has addressed the mootness issue seriously.

However, neither this court, nor certainly the Supreme Court, has time to be taken up with "gamesmanship." A & B presses us for a holding of mootness, supporting its position by submitting that the designation provision is inoperable. Yet, in another breath, the appellee clings to the designation provision by stating that its consent to the application of its payments to offset the non-trust fund liability does not constitute an abandonment of the designation provision. We expect the parties and counsel, as responsible parties and officers of the court respectively, to present only sincere contentions of genuinely conflicting positions.

If within thirty days of this opinion, A & B shall agree that the designation provision may be removed from the Chapter 11 plan, and such alteration is made, then the case shall be moot. The Supreme Court's vacation of our earlier decision then shall remain in effect, and the case shall be remanded to the district court to be dismissed as moot. If the alteration is not done, then for the reasons stated, we conclude that the case is not moot and reinstate our opinion and judgment as found at 823 F.2d 462 (11th Cir.1987).

---

the taxpayer, within 2 years from the time the tax was paid...."

**4.** In accordance, the government submits that the IRS Manual provides that an assessment against a corporation for trust fund taxes is not abated upon the satisfaction of the trust fund

liability by a "responsible person." 2 CCH Administration, Internal Revenue Manual 5638.-1(6) at 6821. Rather, the assessment is abated only when the statutory period for bringing a refund claim has expired. *Id.*