In re KARE KEMICAL, INC., Debtor.

UNITED STATES of America, Appellant,

v.

KARE KEMICAL, INC., Appellee.

Bankruptcy Nos.
88–00023–BKC–AJC, 89–1194–CIV.

United States District Court,
S.D. Florida.

Dec. 4, 1989.

---

Jose F. De Leon, Wash., D.C., for appellant.

Robert E. Venney, Miami, Fla., for appellee.

## MEMORANDUM ORDER AFFIRMING BANKRUPTCY COURT

ATKINS, Senior District Judge.

THIS CAUSE is before the Court on the United States' appeal from the Bankruptcy Court's Order directing the Internal Revenue Service to accept the designation by the Debtor on payment of taxes in accordance with the Debtor's plan. The issue on appeal is whether the Bankruptcy Court erred in ordering the Internal Revenue Service to accept the designation by the debtor to allocate a payment made pursuant to its

liquidating Chapter 11 plan first to satisfy the principal portion of the taxes owing by the debtor and, thereafter, to the accrued interest and accrued penalties. For the reasons that follow, the court concludes that the Bankruptcy Court did not err and its confirmation of the plan will stand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The debtor, Kare Kemical, filed a petition under Chapter 11 of the Bankruptcy Code in January of 1988. The debtor was unable to reorganize its business operations and, accordingly, proposed a liquidating plan to the Bankruptcy Court for confirmation. The liquidation plan was confirmed in June of 1988. The Internal Revenue Service (hereinafter IRS) submitted an amended claim for pre-petition taxes, interest and penalties in excess of $110,000. On November 8, 1988, the debtor filed a motion in the Bankruptcy Court seeking an order directing the IRS to allocate a $90,038 payment to be made pursuant to debtor's liquidating plan first to the "trust fund"[1] portion of the taxes owed by the debtor prior to the satisfaction of any interest or penalties.

On March 15, 1989, the Bankruptcy Court entered its Findings, Conclusions and Order for Allocation of Payment of Taxes which directed the IRS to accept the debtor's plan to permit allocation of the funds, first to satisfy the principal portion of the taxes owing and thereafter, to the accrued interest and accrued penalties, if any. The Bankruptcy Court found that "the elements of voluntariness on the payment by this Debtor are sufficient to permit allocation of the payments." *See* Order of Amended Findings, Conclusions and Order for Allocation of Payment of Taxes to Internal Revenue Service, March 28, 1989. In contrast, if the debtor's payments were found to be of an "involuntary" nature, then the IRS would follow its policy of applying payments first to nontrust fund

---

1. Trust fund taxes are social security and federal income taxes withheld from the wages of the debtor's employees and held in trust for the Government pursuant to 26 U.S.C. § 7501

(1982). The Internal Revenue Code imposes personal liability on responsible corporate officers who fail to remit these funds to the government. 26 U.S.C. § 6672 (1982 & Supp. V 1987).

taxes due. This method of collection would increase the government's opportunity to recover in full the taxes due by giving it an additional source for collection under 26 U.S.C. § 6672 of the IRS Code which imposes personal liability on responsible parties who fail to remit these trust fund taxes to the government. *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir.1983).

On March 23, 1989, the Debtor served a Motion to Amend the March 15th Order to reflect the accurate status of *In re A & B Heating & Air Conditioning,* 823 F.2d 462 (11th Cir.1987), *vacated and remanded for consideration of mootness,* 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988).[2] The amended Order dated March 28, 1989 noted that the Eleventh Circuit reinstated its opinion reported at 861 F.2d 1538 (11th Cir.1988). The Eleventh Circuit concluded that the issue was not moot, but stated that its opinion would remain vacated if the parties deleted the designation provision within thirty days. *In re A & B Heating and Air Conditioning,* 861 F.2d 1538 at 1540 (11 Cir.1988).[3] The United States's appeal followed. The Court has reviewed the parties' briefs and heard argument.

## II. ANALYSIS

The appellant argues that payment made by the debtor pursuant to its liquidating Chapter 11 plan is an "involuntary" payment that cannot be designated by the debtor in an attempt to avoid the liability of debtor's management under 26 U.S.C. § 6672. Appellant supports its argument with three Court of Appeals decisions holding that the payments under a Chapter 11 plan of reorganization are involuntary and may not be designated. *In re Ribs–R–Us, Inc.,* 828 F.2d 199 (3rd Cir.1987); *In re Technical Knockout Graphics Inc.,* 833 F.2d 797 (9th Cir.1987); *In re DuCharmes & Co.,* 852 F.2d 194 (6th Cir.1988). Since a bankruptcy proceeding involves judicial ac-

tion, the appellant asserts that the payment is involuntary and the debtor cannot direct the allocation of payments. *See Amos v. Commissioner,* 47 T.C. 65, 69 (1966) ("An involuntary payment ... [includes] payment received.... from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor.")

In contrast, there is persuasive precedent that yields the opposite result. The First Circuit applied a balancing test and took the position that the allocation question in a Chapter 11 case under the Bankruptcy Code should be left to judicial discretion and decided on a case-by-case basis. *In re Energy Resources Co.,* 871 F.2d 223, 233–34 (1st Cir.1989). The *Energy Resources* court focused on the Bankruptcy Court's equitable authority and legal power to order the IRS to apply a payment in a way that runs counter to the IRS's own internal policies. *Id.* at 226, 230–31. In its well-reasoned opinion the court concurred with the Eleventh Circuit's result in *A & B Heating* and noted that the Bankruptcy Courts have long had the legal power to tell creditors in what manner debt payments should be applied. *Id.* at 231.

Although it is unclear what precedent *A & B Heating* has before this court since the case was dismissed as moot, the Eleventh Circuit's opinion in that case takes the persuasive position that the Bankruptcy Court should have the discretion, on a case-by-case basis, to determine whether the entity would have its best chance of reorganizing and paying its debts by designating tax payments. *A & B Heating,* 823 F.2d at 465. The Bankruptcy Court should look to such factors as

[1] the history of the debtor, the absence or existence of prebankruptcy collection or 'enforced collection measures' of the I.R.S. against the corporation and

---

2. *A & B Heating* was the only Eleventh Circuit case directly on point on this issue of the debtor's allocation of the tax funds under a Chapter 11 liquidation to first satisfy the trust fund taxes.

3. Subsequently, the Bankruptcy Court presiding over *A & B Heating*'s Chapter 11 case granted

the debtor's motion to amend the plan of reorganization by deleting the designation of tax payments provision. The Eleventh Circuit remanded the case to the District Court to be dismissed as moot. *In re A & B Heating & Air Conditioning,* 878 F.2d 1311 (11th Cir.1989).

responsible corporate officers; [2] the nature and contents of a Chapter 11 plan (e.g., last resort liquidation or reorganization); [3] the presence, extent and nature of administrative and/or court action; [4] the presence of pre- or post bankruptcy agreements between the debtor (or trustee) and the I.R.S.; and [5] the existence of exceptional or special circumstances or equitable reasons warranting such allocation.

*Id.* at 466 (quoting *In re B & P Enterprises, Inc.*, 67 B.R. 179, 184 (Bankr.W.D.Tenn. 1986)). And most importantly, consideration should be given to the possibility that "the proposed plan is merely a stop gap scheme to hold the taxing authority at bay with little chance that the debtor will fulfill its obligations under the plan." *Id.*

### III. CONCLUSION

The Court is persuaded by the reasoning in the opinion of the First Circuit's *Energy Resources* case and of the *A & B Heating* case. The Bankruptcy Court found that there was no evidence of enforced effort by the IRS to collect its taxes and the only appearance by the IRS was the filing of a claim in opposition to the Debtor's Motion requesting allocation of payments. The IRS did not bring the action nor was the IRS required to protect its interest, other than filing a claim. The Bankruptcy Court also noted that the persistence by the debtor's management in maintaining a plan to maximize the benefit from the corporate assets after it was apparent that the corporation would not be a source of future employment, "is not consistent with conduct that identifies with coercion of payment of taxes." Order of Amended Findings, Conclusions and Order for Allocation of Payment of Taxes to Internal Revenue Service, March 28, 1989.

Since we conclude that the Bankruptcy Court was in the best position to review all the conflicting interests involved in this case in determining whether to allow the debtor to allocate the tax payments, it is unnecessary to determine whether the Bankruptcy Court erred in finding the tax payments to be voluntary. After reviewing the proceedings below, we find that the

United States Bankruptcy Judge, A. Jay Cristol thoroughly weighed the conflicting equities and, in his discretion concluded that the interests of all parties would best be served by allowing the debtor to allocate the payment of taxes.

DONE AND ORDERED.