# UNITED STATES *v.* ENERGY RESOURCES CO., INC., ET AL.

No. 89–255.   Argued March 19, 1990—Decided May 29, 1990

546

WHITE, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and BRENNAN, MARSHALL, STEVENS, O'CONNOR, SCALIA, and KENNEDY, JJ., joined.  BLACKMUN, J., dissented.

*Alan I. Horowitz* argued the cause for the United States. With him on the briefs were *Solicitor General Starr, Assistant Attorney General Peterson, Deputy Solicitor General Wallace, Gary D. Gray,* and *Linda E. Mosakowski.*

*Guy B. Moss* argued the cause for respondents.  With him on the brief were *Matthew J. McGowan* and *Martin S. Allen.**

JUSTICE WHITE delivered the opinion of the Court.

In this case, we decide that a bankruptcy court has the authority to order the Internal Revenue Service (IRS) to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan.

I

The Internal Revenue Code requires employers to withhold from their employees' paychecks money representing employees' personal income taxes and Social Security taxes. 26 U. S. C. §§ 3102(a), 3402(a).  Because federal law requires employers to hold these funds in "trust for the United

---

*Mark Bernsley* filed a brief for GLK, Inc., as *amicus curiae* urging affirmance.

States," 26 U. S. C. § 7501(a), these taxes are commonly referred to as "trust fund" taxes. *Slodov* v. *United States*, 436 U. S. 238, 242–243 (1978). Should employers fail to pay trust fund taxes, the Government may collect an equivalent sum directly from the officers or employees of the employer who are responsible for collecting the tax. 26 U. S. C. § 6672. These individuals are commonly referred to as "responsible" individuals. *Slodov, supra,* at 244–245.

This case involves corporations that have filed petitions for reorganization under Chapter 11 of the Bankruptcy Code, 11 U. S. C. §§ 1101–1174. Newport Offshore, Ltd., filed a petition for reorganization on November 13, 1985; the Bankruptcy Court approved a reorganization plan in June 1986, creating Newport Oil Offshore, Inc. Over the IRS' objection, that plan included a provision stating that the reorganized Newport Offshore would pay its tax debts (totaling about $300,000) over a period of about six years and that the payments would be applied to extinguish all trust fund tax debts " 'prior to the commencement of payment of the nontrust fund portion' " of the tax debts owed. *In re Energy Resources Co.*, 871 F. 2d 223, 226 (CA1 1989). The IRS appealed to the United States District Court for the District of Rhode Island, which reversed in an unpublished opinion. The debtor then sought review in the Court of Appeals for the First Circuit.

Energy Resources Co., Inc., petitioned for reorganization under Chapter 11 in January 1983. In September 1984, the Bankruptcy Court confirmed a reorganization plan that created a special trust which, among other things, was to pay Energy Resources' federal tax debt of approximately $1 million over roughly five years. In November 1985, the trustee of the special trust sent approximately $358,000 in payment to the IRS. The trustee asked the IRS to apply the money to Energy Resources' trust fund tax debt. After the IRS refused to do so, the trustee successfully petitioned the Bankruptcy Court to order the IRS to apply the money to the

trust fund tax liabilities. *Id.*, at 226–227. The IRS appealed this order to the United States District Court for the District of Massachusetts, which affirmed the Bankruptcy Court in an oral opinion. The Government then appealed to the First Circuit.

Consolidating the two cases, the First Circuit reversed in *In re Newport Offshore Ltd.* and affirmed in *In re Energy Resources Co. Id.*, at 234. The court first considered whether a tax payment made pursuant to a Chapter 11 reorganization plan is "voluntary" or "involuntary" as those terms are used in the IRS' own rules. IRS policy permits taxpayers who "voluntarily" submit payments to the IRS to designate the tax liability to which the payment will apply. See *id.*, at 227, citing Rev. Rul. 79–284, 1979–2 Cum. Bull. 83, modifying Rev. Rul. 73–305, 1973–2 Cum. Bull. 43, superseding Rev. Rul. 58–239, 1958–1 Cum. Bull. 94. The taxpayer corporations argued that tax payments within a Chapter 11 reorganization are best characterized as "voluntary" and therefore that the IRS' own rules bind the agency to respect the debtors' designation of the tax payments. Granting deference to the agency's interpretation of its own rules, the First Circuit accepted the IRS' view that payments made pursuant to the Chapter 11 plan are involuntary for purposes of the IRS' rules. 871 F. 2d, at 230. The First Circuit concluded, however, that even if the payments were properly characterized as involuntary under the IRS' regulations, the Bankruptcy Courts nevertheless had the authority to order the IRS to apply an "involuntary" payment made by a Chapter 11 debtor to trust fund tax liabilities if the Bankruptcy Court concluded that this designation was necessary to ensure the success of the reorganization. *Id.*, at 230–234.

We granted certiorari because the First Circuit's conclusion on this issue conflicts with decisions in other Circuits. 493 U. S. 963 (1989); see, *e. g., In re Ribs-R-Us, Inc.*, 828 F. 2d 199 (CA3 1987). We affirm the judgment below, for whether or not the payments at issue are rightfully consid-

ered to be involuntary, a bankruptcy court has the authority to order the IRS to apply the payments to trust fund liabilities if the bankruptcy court determines that this designation is necessary to the success of a reorganization plan.

## II

The Bankruptcy Code does not explicitly authorize the bankruptcy courts to approve reorganization plans designating tax payments as either trust fund or nontrust fund. The Code, however, grants the bankruptcy courts residual authority to approve reorganization plans including "any . . . appropriate provision not inconsistent with the applicable provisions of this title." 11 U. S. C. § 1123(b)(5); see also § 1129. The Code also states that bankruptcy courts may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. § 105 (a). These statutory directives are consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships. See *Pepper* v. *Litton*, 308 U. S. 295, 303–304 (1939); *United States National Bank* v. *Chase National Bank*, 331 U. S. 28, 36 (1947); *Katchen* v. *Landy*, 382 U. S. 323, 327 (1966).

The Government suggests that, in this case, the Bankruptcy Courts have transgressed one of the limitations on their equitable power. Specifically, the Government contends that the orders conflict with the Code's provisions protecting the Government's ability to collect delinquent taxes. As the Government points out, the Code provides a priority for specified tax claims, including those at issue in this case, and makes those tax debts nondischargeable. See 11 U. S. C. §§ 507(a)(7), 523(a)(1)(A). The Code, moreover, requires a bankruptcy court to assure itself that reorganization will succeed, § 1129(a)(11), and therefore that the IRS, in all likelihood, will collect the tax debt owed. The tax debt must be paid off within six years. § 1129(a)(9)(C).

It is evident that these restrictions on a bankruptcy court's authority do not preclude the court from issuing orders of the type at issue here, for those restrictions do not address the bankruptcy court's ability to designate whether tax payments are to be applied to trust fund or non-trust-fund tax liabilities. The Government is correct that, if it can apply a debtor corporation's tax payments to non-trust-fund liability before trust fund liability, it stands a better chance of debt discharge because the debt that is not guaranteed will be paid off before the guaranteed debt. While this result might be desirable from the Government's standpoint, it is an added protection not specified in the Code itself: Whereas the Code gives it the right to be assured that its taxes will be paid in six years, the Government wants an assurance that its taxes will be paid even if the reorganization fails — i. e., even if the bankruptcy court is incorrect in its judgment that the reorganization plan will succeed.

Even if consistent with the Code, however, a bankruptcy court order might be inappropriate if it conflicted with another law that should have been taken into consideration in the exercise of the court's discretion. The Government maintains that the orders at issue here contravene § 6672 of the Internal Revenue Code, the provision permitting the IRS to collect unpaid trust fund taxes directly from the personal assets of "responsible" individuals. The Government contends that § 6672 reflects a congressional decision to protect the Government's tax revenues by ensuring an additional source from which trust fund taxes might be collected. It is true that § 6672 provides that, if the Government is unable to collect trust fund taxes from a corporate taxpayer, the Government has an alternative source for this revenue. Here, however, the Bankruptcy Courts' orders do not prevent the Government from collecting trust fund revenue; to the contrary, the orders require the Government to collect trust fund payments before collecting non-trust-fund payments. As the Government concedes, § 6672 remains both during and

after the corporate Chapter 11 filing as an alternative collection source for trust fund taxes.

The Government nevertheless contends that the Bankruptcy Courts' orders contravene § 6672 because, if the IRS cannot designate a debtor corporation's tax payments as non-trust-fund, the debtor might be able to pay only the guaranteed debt, leaving the Government at risk for non-trust-fund taxes. This may be the case, but § 6672, by its terms, does not protect against this eventuality. That section plainly does not require us to hold that the orders at issue here, otherwise wholly consistent with a bankruptcy court's authority under the Bankruptcy Code, were nonetheless improvident.

## III

In this case, the Bankruptcy Courts have not transgressed any limitation on their broad power. We therefore hold that they may order the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success. The judgment of the Court of Appeals is therefore

*Affirmed.*

JUSTICE BLACKMUN dissents.