In re BRIGHTON COMPANY, Debtor.

**NCNB TEXAS NATIONAL BANK**

v.

**BRIGHTON COMPANY.**

**Bankruptcy No. 490–41515–MT–11.**

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

Aug. 24, 1990.

John D. Penn, Haynes and Boone, Fort Worth, Tex., for movant NCNB Texas Nat. Bank.

Tim Truman, Truman & Spicer, P.C., Fort Worth, Tex., for debtor, Brighton Co.

Victoria Tutterrow, U.S. Trustee's Office, Dallas, Tex.

## ORDER GRANTING MOTION TO LIFT STAY

MASSIE M. TILLMAN, Bankruptcy Judge.

On the 21st day of June, 1990, came on for hearing the Motion Requesting Relief from Stay filed by NCNB Texas National Bank by and through its attorney of record, Haynes and Boone and Response to said Motion filed by Debtor, Brighton Company, by and through its attorney or record, Truman & Spicer, in the above-styled and numbered case. The Court reserved ruling, taking the matter under advisement.

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 362, and Bankruptcy Rule of Procedure 4001.

■ After review of the pleadings, legal memoranda, arguments of counsel, and legal precedent relevant to the dispute, this Court finds that there is no equity in the property; and such property is not necessary to an effective reorganization since the Proposed Plan of Reorganization contemplates and calls for the foreclosure of the property by NCNB. Therefore, pursuant to 11 U.S.C. § 362, the Automatic Stay shall be modified to allow NCNB Texas to

take any and all action against the collateral described in the Deed of Trust.

At the June 21, 1990 final hearing on NCNB's § 362 Motion, the Debtor agreed that the Automatic Stay should be terminated to allow NCNB to foreclose upon its collateral, subject to a condition requiring NCNB to make a minimum bid at the foreclosure sale of the less of the full balance of the debt owed by the Debtor to NCNB, or the fair market value of the collateral, as determined by this Court at a valuation hearing pursuant to Bankruptcy Rule 3012.

 The Debtor asked the Court to condition the Modification of the Automatic Stay with a "minimum bid" by NCNB, citing § 105 of the Bankruptcy Code as authority and relying upon *United States v. Energy Resources, Inc. et al.,* — U.S. ——, 110 S.Ct. 2139, 109 L.Ed.2d 580.[1]

NCNB Texas opposes the minimum bid condition, arguing that there is no authority requiring the holder of the debt to make any bid whatsoever on a property that goes up for sale "on the courthouse steps."

This Court is of the opinion that the request for a minimum bid is not supported by any authority under State or Bankruptcy law in regard to this particular set of circumstances. The *Energy Resources, Inc.* case cited by Debtor is not dispositive of the issue here. Additionally, this Court recognizes that Judge Akard may have, under certain circumstance, included the condition for a minimum bid in his orders lifting the stay. The Court has not seen any of these orders, nor been provided copies of these orders.

In the case at bar, Debtor had admitted that the "minimum bid" requirement is intended to protect the Debtor as well as Debtor's partners and/or guarantors against any deficiency claim. However, the Bankruptcy Code does not provide for discharge of guarantors' obligations. The rights of creditors against guarantors is specifically reserved in § 524(e) of the Bankruptcy Code, which states, "... discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

There have been cases which the discharge of a guarantor in a confirmed plan was upheld on a *res judicata* theory where the creditor participated in the confirmation process and did not object to, or appeal from, the confirmation of the plan.[2] In the instant case, however, NCNB has not agreed to the release of the guarantors as part of its terms.

This Court is of the opinion that it is not the duty of the Bankruptcy Court to protect the liability of guarantors nor shift the burden of sale to banks. Were it not for the Chapter 11 proceeding, NCNB could have foreclosed on the property, proceeded against the guarantors, or exercised both of those options several months ago.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by NCNB Texas National Bank be, and it is hereby GRANTED in favor of NCNB Texas National Bank.

IT IS FURTHER ORDERED that the Automatic Stay of 11 U.S.C. § 362 be, and it is hereby MODIFIED to allow NCNB Texas to take any and all action against its collateral as may be allowed by law, including foreclosure upon the same by Substitute Trustee's Sale or otherwise.

IT IS FURTHER ORDERED that all further relief not expressly granted herein be, and it is hereby DENIED.

IT IS SO ORDERED.

---

1. The United States Court of Appeals for the First Circuit held that the Bankruptcy Court has the authority to order the Internal Revenue Service (IRS) to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the Bankruptcy Court determines that this designation is necessary for the success of a reorganization plan.

2. See, e.g., *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987).