**UNITED STATES of America, for the INTERNAL REVENUE SERVICE, Plaintiff,**

v.

**APT INDUSTRIES, INC., Defendant.**

**No. C–C–91–0072–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 31, 1991.

Thomas Holderness Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

George J. Miller, Weinstein & Sturges, P.A., Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Plaintiff's notice of appeal, filed March 4, 1991, from an Order entered by United States Bankruptcy Court Judge Marvin R. Wooten on February 15, 1991. The record on appeal was thereafter completed, and the appeal was docketed by the District Court Clerk on April 15, 1991. Plaintiff, on April 30, 1991, filed its brief. On May 16, 1991, Defendant filed its brief. Plaintiff filed a reply brief on May 28, 1991.

The Bankruptcy Court Order appealed from involved a motion by Defendant seeking an Order directing Plaintiff to apply reorganization plan payments toward Defendant's trust fund portion of its federal employment tax liability. The plan is silent regarding whether Plaintiff is to apply payments first to the trust fund portion of Defendant's employment tax liability or to the penalty portion of Defendant's tax liability. Although Defendant requested Plaintiff first apply the quarterly payments the reorganization requires it to make to Plaintiff towards the trust fund portion of its tax liability, Plaintiff refused to do so. After hearing arguments, Judge Wooten granted Defendant's motion.

Plaintiff primarily argues in support of the appeal that 11 U.S.C. § 1127(b) does not permit modification of the plan after substantial consummation of the plan has occurred. Plaintiff argues that the plan has been substantially consummated because substantially all of the property proposed by the plan has been transferred. *See* 11 U.S.C. § 1101(2)(A). Relying on the majority rule, Plaintiff contends that § 1101(2)(A) pertains not to the transfer of all the property listed in the plan, but the transfer of the property at or near the time of confirmation of the plan. *See In re Burlingame*, 123 B.R. 409, 412 (Bankr.N. D.Ok.1991); *see also Plaintiff's Brief,* filed April 30, 1991, at 6 (listing cases); *but see In re Heatron, Inc.*, 34 B.R. 526 (Bankr.W. D.Mo.1983) (holding that § 1101(2)(A) includes transfers of all property during life of plan). Because shareholders of Defendant made transfers of stock shortly after the plan was implemented, Plaintiff contends that § 1101(2)(A) has been satisfied, the plan has been substantially consummated, and the plan cannot now be modified.

After carefully reviewing the record, the Court does not believe that Judge Wooten's Order of February 15, 1991 constituted a modification of the plan.[1] During the hearing, Judge Wooten queried whether Defendant's motion would require a modification of the plan. *See Transcript of February*

---

1. The Court agrees with Plaintiff that the issues relevant on this appeal are legal in nature. Thus, the Court has conducted a de novo review of the record. *See* 11 U.S.C. § 1101(2).

*7, 1991 Hearing*, filed March 7, 1991 at 7–10. However, Judge Wooten also queried whether Defendant's motion requested the Bankruptcy Court to merely exercise its continuing authority to supervise the plan. *See id.* at 12 (referring to section 105(a) of the Bankruptcy Code which provides that "Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title...."); *see also id.* at 30 (Court stating, "... I am assuming for the purpose of receiving the testimony that I can enter this order, and that it is not a modification ...").

It is true that in Judge Wooten's Order of February 15, 1991 he stated, "Debtor's Plan of Reorganization has not been substantially consummated". *See Bankruptcy Court's Order of February 15, 1991*, at 4. No where in the Order, however, does Judge Wooten explicitly find that the Order was a modification. Rather, the Order by stating "the IRS shall apply all quarterly payments heretofore made and to be made by the Debtor first to the payment of trust fund taxes" appears to be an exercise of the Bankruptcy Court's continuing authority to supervise the plan pursuant to § 105 of the code. *Id.* Moreover, the Order did not change any material terms of the plan, but instead clarified the plan where previously it had been silent. The Court does not believe such an Order amounts to a modification. Accordingly, the Court finds that Judge Wooten's Order of February 15, 1991 did not amount to a modification of the plan.[2]

The Court further believes that the Order of the Bankruptcy Court is supported by the recent United States Supreme Court case of *United States v. Energy Resources Co., Inc.*, — U.S. —, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). In that case, which is remarkably similar to the case at hand, one of the debtors petitioned the Bankruptcy Court to direct the IRS to apply payments received under a reorganization plan to the trust fund tax debt. *Id.* — U.S. at —, 110 S.Ct. at 2141, 109 L.Ed.2d at 585. The

Bankruptcy Court granted the debtor's petition. *Id.* In affirming the order of the Bankruptcy Court, the Supreme Court held that the Bankruptcy Court "may order the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success". *Id.* — U.S. at —, 110 S.Ct. at 2143, 109 L.Ed.2d at 587. Although the Supreme Court did not address the question of whether the Bankruptcy Court's order amounted to a modification, it is clear that the Supreme Court has found on facts essentially the same as the facts in this case that Bankruptcy Courts have the authority to issue Orders like the one issued by Judge Wooten.

For the reasons enunciated above, the Court believes that Judge Wooten's Order of February 15, 1991 was legally correct and factually accurate. Accordingly, the Court will affirm the Order in its entirety, and will dismiss this appeal.

NOW, THEREFORE, IT IS ORDERED that the Bankruptcy Court's Order of February 15, 1991 is hereby AFFIRMED IN ITS ENTIRETY. This appeal is hereby DISMISSED.

---

**2.** In as much that this finding contradicts a finding by Judge Wooten (which the Court does not believe it does), the Court reverses any such finding of Judge Wooten as being clearly erroneous.