**In re KARE KEMICAL, INC., Debtor.**

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**KARE KEMICAL, INC., Defendant–Appellee.**

**No. 90–5134.**

United States Court of Appeals, Eleventh Circuit.

July 10, 1991.

---

assets produced a $200,000 gross estate for distribution to creditors, of which Kare Kemical received $90,038.

With only $90,038 to pay its tax debt, Kare Kemical sought approval of a liquidation plan requiring the IRS to first satisfy the principal portion of the taxes owing and thereafter the accrued interest and penalties. The bankruptcy court approved Kare Kemical's plan finding sufficient elements of voluntariness to permit payment allocation. *United States v. A & B Heating and Air Conditioning, Inc.*, 823 F.2d 462, 465 (11th Cir.1987), *vacated for mootness*, 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988). The district court affirmed 112 B.R. 38 citing *In re Energy Resources Co., Inc.*, 871 F.2d 223, 230 (1st Cir.1989), *aff'd, United States v. Energy Resources Co.*, —— U.S. ——, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), which adopted *A & B Heating*'s rationale.

In this court, the United States challenges the district court's approval of Kare Kemical's liquidation plan. The United States contends that the district court erred in relying on *In re Energy Resources*, because its holding applies only to Chapter 11 reorganization cases.

We agree with the United States that *In re Energy Resources* applies to Chapter 11 reorganization cases and not to liquidation cases. In affirming the First Circuit, the Court stated:

[A] bankruptcy court has the authority to order the Internal Revenue Service (IRS) to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan.

*In re Energy Resources*, —— U.S. at ——, 110 S.Ct. at 2140, 109 L.Ed.2d at 584. The Court's reasons for allowing payment allocation in Chapter 11 reorganizations, regardless of whether tax payments are properly characterized as "voluntary," are not present in liquidation cases. *See In re*

Jose F. De Leon, Trial Atty., Gary R. Allen, Chief, Appellate Section, Dept. of Justice, Tax Div., Linda E. Mosakowski, Gary D. Drake, Howard M. Soloman, Washington, D.C., for plaintiff-appellant.

Robert E. Venney, Miami, Fla., for defendant-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and PECKHAM *, Senior District Judge.

HATCHETT, Circuit Judge:

In this Chapter 11 liquidation proceeding, the Internal Revenue Service (IRS) assessed against the debtor, Kare Kemical, $89,661 in unpaid employment taxes (trust fund taxes), $2,791 in interest, and $20,437 in penalties. The sale of Kare Kemical's

---

* Hon. Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation.

*Energy Resources*, at ——, 110 S.Ct. at 2142, 109 L.Ed.2d at 586. Consequently, we reverse.

REVERSED.