USCA1 Opinion

 

 October 30, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1061 SAMUEL V. SOTIR AND NORMAN P. JOHNSON, Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr, and Boudin, Circuit Judges. ______________ ____________________ Carl Emmett Baylis was on brief for appellants. __________________ Christine A. Grant, Attorney, Department of Justice, with whom ___________________ A. John Pappalardo, United States Attorney, James A. Bruton, Acting __________________ ________________ Assistant Attorney General, Gary R. Allen, Attorney, Department of ______________ Justice, and Richard Farber, Attorney, Department of Justice, were on ______________ brief for appellee. ____________________ ____________________ BOUDIN, Circuit Judge. The sole question presented on ______________ this appeal is whether, when a taxpayer with several tax liabilities sends a payment to the Internal Revenue Service but fails to specify the liability to which the payment applies, the IRS may apply the payment to the liability it chooses. In agreement with the district court in this case and in accord with other circuits, we hold that the IRS may make this choice. Samuel V. Sotir and Norman P. Johnson were officers, directors and shareholders of R & M Industries, Inc. ("R & M"), a Massachusetts corporation. The corporation incurred two forms of tax liability at issue here. First, pursuant to 26 U.S.C. 3102, 3402, the corporation withheld from its employees' wages both social security ("FICA") taxes and federal income taxes. Employers are required to hold these withheld funds "in trust for the United States," 26 U.S.C. 7501(a), and thus the taxes are sometimes referred to as "trust-fund" taxes. See United States v. Energy Resources ___ _____________ ________________ Co., Inc., 495 U.S. 545, 546-547 (1990). Second, FICA being _________ a tax imposed separately on both the employer and the employee, R & M was liable for its own share of FICA taxes. The corporation withheld FICA and federal income taxes from the wages of its employees during the four quarters of 1986 and the first two quarters of 1987. However, with the exception of two small payments made in the second and third -2- -2- quarters of 1986, the corporation failed to remit to the IRS the withheld amounts as required by law. Consequently, pursuant to 26 U.S.C. 6672(a), authorities assessed penalties against Sotir and Johnson equal to $146,559.83, the unpaid balance of the withheld trust-fund taxes. When employers fail to pay trust-fund taxes, then under section 6672(a) "the government can collect an equivalent sum directly from the officers or employees of the employer who are responsible for their collection and payment." In re _____ Energy Resources Co., 871 F.2d 223, 225 (1st Cir. 1989), _____________________ aff'd sub nom. United States v. Energy Resources Co., Inc., _____ ___ ___ _____________ __________________________ 495 U.S. 545 (1990). Sotir and Johnson both concede that they are such responsible persons. After the assessments were made against Sotir and Johnson, R & M sent payments to the IRS totaling $57,587.61 drawn on the corporate account. The corporation did not designate whether these payments should be applied to its trust-fund tax liability or to the corporation's liability for its own share of the FICA taxes. "IRS policy has long permitted a taxpayer who `voluntarily' submits a payment to ___________ the IRS to designate the tax liability (i.e., `trust fund' or ___ non-trust fund tax debts) to which the payment will apply." In re Energy Resources Co., 871 F.2d at 227. _________________________ Upon receiving the undesignated payments, the IRS allocated $41,492.26 to the trust-fund tax portion of the -3- -3- corporation's liabilities and allocated the remaining $16,095.35 to the non-trust-fund tax liability. Sotir and Johnson claimed in the district court that the IRS erred as a matter of law in failing to apply all of the payments to the corporation's trust-fund tax liability, which would have reduced their own personal liability resulting from assessments made under section 6672(a). The district court rejected their position and so do we. Their position is inconsistent with the governing general rule, and we are unpersuaded by their attempt to avoid that rule by interposing a recent Supreme Court decision. When a taxpayer makes a voluntary payment without indicating the liability to which the payment is to be applied, ordinarily the IRS may apply the payment to whichever liability of the taxpayer it chooses. See Davis v. ___ _____ United States, 961 F.2d 867, 878 (9th Cir. 1992); Wood v. _____________ ____ United States, 808 F.2d 411, 416 (5th Cir. 1987); Muntwyler _____________ _________ v. United States, 703 F.2d 1030, 1032 (7th Cir. 1983). See _____________ ___ also Rev. Rul. 79-284, 1979-2 C.B. 83. This rule has been ____ approved in several circuits, no contrary authority is cited to us, and we follow that rule here. The rule applied in tax cases accords with the broader convention that when a debtor has more than one debt owing to a creditor, "the debtor or party paying the money may, if he chooses to do so, direct its appropriation; if he fail, the right devolves upon the -4- -4- creditor." National Bank of the Commonwealth v. Mechanics' __________________________________ _________ National Bank, 94 U.S. 437, 439 (1876). _____________ In this case, when the IRS received the tax payments from R & M without any direction as to their application, the IRS applied a portion ($16,095.35) to R & M's own tax liability for FICA taxes. To this extent, its action was consistent with its ordinary policy of first allocating undesignated payments to cover non-trust-fund liabilities. See IRS policy statement P-5-60, May 5, 1984, reprinted in 1 ___ ____________ Internal Revenue Manual (CCH), at 1305-14. "Obviously it is normally to the IRS's best interest to apply payments to that part of the corporate debt that is not secured by the trust obligation of its `responsible' officers. The IRS policies designed to maximize the public fisc by collecting all taxes due are entitled to great weight." New Terminal Stevedoring, _________________________ Inc. v. M/V Belnor, 728 F. Supp. 62, 65 (D. Mass. 1989). ___ __________ Sotir and Johnson, of course, do not object to the IRS's allocation of over two-thirds of the R & M payment to its trust-fund tax liability, an apparent deviation from the IRS's ordinary policy that is unexplained in the record but favored their interests. Rather they contend that it was error for the IRS to apply any portion--here, $16,095.35--of the payments to the corporation's own tax liability while its trust-fund tax liability remained unpaid. On this appeal, Sotir and Johnson argue that the general rule giving the IRS -5- -5- discretion to allocate undesignated payments has been altered, at least where trust-fund taxes are involved, by the Supreme Court's decision in Begier v. Internal Revenue ______ _________________ Service, 496 U.S. 53 (1990). _______ The argument, although inventive, is without force. In Begier, a taxpayer made certain payments of trust-fund taxes ______ to the IRS--including both excise taxes collected from customers and income and FICA taxes withheld from employees-- within 90 days before filing a bankruptcy petition. Id. at __ 56. The bankruptcy trustee thereafter filed an action against the IRS to "avoid" (that is, to recover for the estate) those payments to the IRS as a "preference" under 11 U.S.C. 547(b). Id. That section provides in relevant part __ that a transfer of its property by a debtor to pay a prior debt, where the transfer occurs within 90 days before the debtor files a bankruptcy petition, is recoverable by the trustee in bankruptcy. The reason is to prevent a preference to the creditor as against other claimants to the estate. The Supreme Court held in Begier that, under the ______ Bankruptcy Code, the payments could not be avoided because they were not made from property of the taxpayer, but rather from funds held in trust for the government pursuant to 26 U.S.C. 7501. Id. at 67. The Court declared that even __ though the funds had not been segregated by the taxpayer, a "trust" had arisen "within the meaning of 7501" at the -6- -6- moment that the excise taxes were collected from customers and FICA and income taxes withheld from employees' wages. Id. at 61-62. This alone did not resolve the case because __ the payments themselves could not be traced back under common law tracing principles to any particular funds of the taxpayer; but, relying primarily on Bankruptcy Code legislative history, the Supreme Court decided that "the debtor's act of voluntarily paying its trust-fund tax obligation . . . is alone sufficient to establish the required nexus between the `amount' held in trust and the funds paid" to the IRS. Id. at 66-67. __ Sotir and Johnson argue that in this case, as in Begier, ______ the payments to the IRS by the corporation were derived from funds held in trust and thus the IRS, without any direction from the corporation, should have applied the payments to cover the trust-fund tax liabilities. Unfortunately for this argument, the point of departure in Begier was the taxpayer's ______ designation, by agreement with the IRS, that all of the payments in that case would be allocated to "specific trust- fund tax obligations" of the taxpayer. Id. at 56. In __ substance, Begier gave effect to this designation, made at ______ the time of payment, in order to classify the funds used in payment as trust-fund taxes, thereby shielding the payments from avoidance as preferences. In the present case, by contrast, R & M made no designation when it made its payment -7- -7- to the IRS. Indeed, it is the failure to do so that has landed Sotir and Johnson in their present predicament. The Supreme Court's analysis in Begier related solely to ______ the impact of a taxpayer designation upon the status of payments under the preference provision of the Bankruptcy Code, a provision in no way involved in the present case. Begier did not, either by reasoning or result, address the ______ question of how the IRS should allocate payments made by a taxpayer who fails to make a designation. It is almost unnecessary to add that nowhere in Begier did the Supreme ______ Court suggest any intent to overturn the line of decisions allowing the IRS, absent some direction from the taxpayer, to apply payments to whichever of the taxpayer's liabilities it wishes. That line of decisions disposes of this case. The judgment of the district court is affirmed. ________ -8- -8-