In re Billy D. LYONS, Debtor.

C.W. LYONS; Anna C. Lyons, Appellants,

v.

Billy D. LYONS, Appellee.

No. 91–35921.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1993.

Decided June 14, 1993.

Sigurd B. Borgersen, Schwabe, Williamson, Ferguson & Burdell, Seattle, WA, for appellants.

Jeffrey A. Meehan, Landerholm, Memovich, Lansverk & Whitesides, Inc., Vancouver, WA, for appellee.

Before: SKOPIL, ALARCON and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

C.W. and Anna Lyons, owners of real property as tenants in common with Chapter 7 debtor Billy Lyons, appeal the district court's order affirming the bankruptcy court's decision that the bankruptcy trustee is not required to initiate an adversary proceeding to obtain authority to sell the real property free of the non-debtor co-owners' interests. We reverse and remand.

I

The trustee moved to sell the estate's interest in the real property as well as the interests of the non-debtor co-owners. The co-owners objected on the ground that the necessary authority could be obtained only through an adversary proceeding and not by motion. The bankruptcy court ruled an adversary proceeding was unnecessary, and the district court affirmed. The property remains unsold pending the outcome of this appeal.

The district court's order is reviewable under the liberal finality standard of 28 U.S.C. § 158(d) because the order affects important property rights, and without an immediate appeal, the co-owners might suffer "irreparable harm." *In re Vylene Enters.*, 968 F.2d 887, 895 (9th Cir.1992). Any remedy after the end of the bankruptcy case could not protect the co-owners' rights because their property presumably would have been sold by then.

We independently review the bankruptcy court's decision. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986). Findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*. *Id.*

II

Bankruptcy Rule 7001 designates ten categories of proceedings as adversary proceedings. One category is a proceeding "to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in property." Rule 7001(3). The trustee does not dispute that he seeks approval for a § 363(h) sale and cites no authority granting approval for such a sale without an adversary proceeding.

The trustee may obtain the authority he seeks only through an adversary proceeding. The bankruptcy court's equitable powers do not allow it to derogate from Rule 7001 in overruling the co-owners' objection. *United States v. Energy Resources Co.*, 495 U.S. 545, 549–51, 110 S.Ct. 2139, 2142–43, 109 L.Ed.2d 580 (1990); *In re American Hardwoods, Inc.*, 885 F.2d 621, 625 (9th Cir.1989).

REVERSED AND REMANDED.