In re FLO–LIZER, INC., Debtor.

UNITED STATES of America, Appellant,

v.

FLO–LIZER, INC., Appellee.

Civ. No. C–2–93–1204.
Bankruptcy No. 2–86–01685.

United States District Court,
S.D. Ohio, E.D.

Feb. 7, 1994.

---

Alec Wightman, Baker & Hostetler, Donald E. Calhoun, Judge, U.S. Bankruptcy Court, Brenda L. Dodrill, U.S. Attorney's Office, Columbus, OH, and Henry J. Riordan, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

Elden James Hopple, Schottenstein, Zox & Dunn, and Richard Todd Ricketts, Ricketts & Onda, Columbus, OH, for Flo–Lizer, Inc.

### OPINION AND ORDER

GEORGE C. SMITH, District Judge.

■ This bankruptcy appeal presents the issue whether the bankruptcy court has the authority to order the Internal Revenue Service (IRS), an administrative expense claimant to apply the Chapter 11 debtor's first payment to the trust fund portion of the debtor's tax liability. The bankruptcy court below held that it had such authority. 164 B.R. 79. The Court agrees with the IRS that this case presents essentially a legal issue requiring *de novo* review. For the reasons that follow, the judgment of the bankruptcy court will be affirmed.

■ In the instant case, the debtor's principals participated in, and even contributed personal resources to, the Chapter 11 liquidation plan. This participation was in reliance on an understanding with the IRS that the principals could avoid personal liability for trust fund taxes. Nonetheless, the IRS, despite an attempted designation by the debtor, applied its distribution from the debtor first to penalties, then to principal and interest. The result was a significantly greater tax obligation.

The leading decision on the issue presented in this case is *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). The Court in *Energy Resources* held that the bankruptcy court had authority to order the IRS to apply a debtor's payments first to the trust fund portion of trust fund tax debt "if it determines that this action is necessary for a reorganization's success." *Id.* at 551, 110 S.Ct. at 2143.

The bankruptcy proceeding below resulted in a liquidation rather than a reorganization. The IRS cites several cases from other circuits which have refused to apply the rule of *Energy Resources* in proceedings resulting in liquidations. *See, e.g., United States v. Pepperman*, 976 F.2d 123 (3rd Cir.1990); *In re Kare Kemical, Inc.*, 935 F.2d 243 (11 Cir. 1991). The bankruptcy court below, however, distinguished these cases, and instead followed decision by the Ninth Circuit Bankruptcy Appellate Panel, *In re Deer Park, Inc.*, 136 B.R. 815 (9th Cir. BAP 1992), *aff'd*, 10 F.3d 1478 (9th Cir.1993). The court in *Deer Park* applied the rule of *Energy Resources* in a case in which the participation of the debtor-in-possession's principal was crucial to the success of the plan, and the participation was due to reliance on an understanding that the principal would not become liable for trust fund taxes. 136 B.R. at 818–19.

In the instant case, the bankruptcy court below found that the success of the plan was directly attributable to the principals' actions, and that, as in *Deer Park*, the principals' participation was in reliance on an understanding that they would avoid personal liability for the debtor's trust fund taxes.

This Court does not have occasion to disturb the bankruptcy court's factual findings in this case. First, the IRS does not directly purport to challenge the factual findings, arguing instead that the issue on appeal is purely one of law. Moreover, this Court does not, in any event, detect that any of the bankruptcy court's factual findings are clearly erroneous.

Turning to the legal issue presented in this case, the Court agrees with the bankruptcy court that the best reasoned approach in this case is illustrated by the *Deer Park* decision. For the reasons stated in the bankruptcy court's well reasoned opinion, the judgment of the bankruptcy court is **AFFIRMED.**

The clerk shall remove this case from this Court's pending cases and motions lists.

**IT IS SO ORDERED.**