**In re TILLERY MECHANICAL CONTRACTORS, INC.,**
**Debtor.**

**No. 97–10303–MAM–7.**

United States Bankruptcy Court,
S.D. Alabama.

Nov. 3, 2004.

William L. Howell, Mobile, AL, for Michael and Kathy Tillery.

Charles Baer, Mobile, AL, Assistant U.S. Attorney.

Joseph O. Verneuille, Jr., Mobile, AL, Chapter 7 Trustee.

## ORDER DENYING MOTION TO DIRECT TRUSTEE TO SPECIFY DISBURSEMENTS TO INTERNAL REVENUE SERVICE BE APPLIED TO TRUSTEE'S PORTION OF WITHHOLDING TAXES

MARGARET A. MAHONEY,
Bankruptcy Judge.

This case is before the Court on a motion by Michael and Kathy Tillery to direct the trustee to specify that all disbursements to the Internal Revenue Service be applied to the trustee's portion of withholding taxes. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has authority to enter a final order. For the reasons indicated below, the Court is denying the motion filed by Michael and Kathy Tillery.

Michael and Kathy Tillery, the movants herein, were each fifty percent owners of Tillery Mechanical Contractors, Inc., with Michael serving as president of the company and Kathy serving as vice president. Tillery Inc. filed for Chapter 11 bankruptcy on January 23, 1997, and the case was converted to Chapter 7 on July 7, 1997. On March 3, 2003, Mr. and Mrs. Tillery filed a joint Chapter 7 bankruptcy. They received their discharge on December 1, 2003. The Tillerys' joint bankruptcy arose, in part, because of the default and obligations due from Jimenez Inc. to Tillery Inc., which resulted in the latter's inability to pay its obligations, including paying the Tillerys and, in particular, paying the payroll tax obligations of Tillery Inc. to the IRS.

The trustee's final report and account shows that there are secured claims remaining in the amount of $429,905.72 ($429,378.36 owed to the IRS) and tax priority claims remaining of $364,604.77 ($246,006.72 owed to the IRS). The trustee has only $286,206.46 on hand, and the trustee is seeking commissions, fees, and reimbursements of $43,509.08. Accordingly, there are substantial trust fund taxes still owed by Tillery Inc., for which the Tillerys are personally liable. The Tillerys are therefore seeking an order from the Court directing the trustee to designate all disbursements to the IRS be applied to the trust fund taxes first, which would decrease the Tillerys' personal liability. The Tillerys argue that the purpose and intention of Chapter 7 bankruptcy is to provide individuals with a "fresh start" and that they will effectively be denied their fresh start unless the requested designation order is entered. The IRS argues that the Tillerys have no right to an order requiring the IRS to apply the payments in a manner that benefits the Tillerys but burdens the IRS.

## LAW

The Internal Revenue Code requires employers to withhold from their employees' paychecks money representing employees' personal income taxes and Social Security taxes. 26 U.S.C. §§ 3102(a), 3402(a). Because federal law requires employers to hold these funds in "trust for the United States," 26 U.S.C. § 7501(a), these taxes are commonly referred to as "trust fund" taxes. *Slodov v. United States*, 436 U.S. 238, 242–243, 98 S.Ct. 1778, 56 L.Ed.2d 251, (1978). If employers

fail to pay trust fund taxes, the Government can collect an equivalent sum directly from the officers or employees of the employer who are responsible for collecting the tax. 26 U.S.C. § 6672. These individuals are commonly referred to as "responsible" individuals. *Slodov,* 436 U.S. at 244–245, 98 S.Ct. 1778. Michael and Kathy Tillery, the owners and former principals of the debtor, were "responsible" individuals of Tillery Inc. and, therefore, the IRS can hold them liable for the unpaid trust fund taxes.

█ The Tillerys motion attempts to minimize their personal liability by requiring that payments made to the IRS go toward the trust fund taxes first. The Supreme Court has ruled that bankruptcy courts have the authority to order the IRS to treat tax payments made by a Chapter 11 debtor corporation as trust fund payments where the bankruptcy court determines that the designation is necessary for a successful reorganization plan. *In re Energy Resources,* 495 U.S. 545, 548, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). However, the present case involves a Chapter 7 liquidation and not a reorganization, and the Eleventh Circuit has ruled that a bankruptcy court does not have the authority to order such a designation of payments in a liquidation case. *In re Kare Kemical, Inc.,* 935 F.2d 243, 244–45 (11th Cir.1991); see also *In re Poleshuk,* 115 B.R. 716 (Bankr.M.D.Fla.1990) (*Energy Resources* is inapplicable to a Chapter 7 liquidation).

█ The Tillerys concede this point, but argue that the public policy objective of providing the Tillerys a "fresh start" from their joint Chapter 7 discharge cannot be attained unless the designation order is issued by the court. The Tillerys argue that § 105 of the Bankruptcy Code gives the Court the power to issue the requested order. Section 105 allows the Court to issue orders necessary and proper to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). The Court understands the Tillery's desire first to payback the taxes that impact personally upon them. However, "in the absence of a showing of need for a reorganization or similar purpose, a bankruptcy court is not free under the aegis of section 105 to direct the allocation of tax payments in contravention of the policy behind section 6672 and long-standing IRS procedure." *United States v. Pepperman,* 976 F.2d 123, 131 (3d Cir.1992); see also *In re Carlson,* 126 F.3d 915, 920 (7th Cir.1997)(debtors' equitable argument did not give the Court the authority to depart from statutory provision of Internal Revenue Code). The case law simply does not allow the Court to direct the order of payment in a Chapter 7 case.

█ Although the "fresh start" is a major objective of bankruptcy, "Congress has made the choice between the collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid the payment of the taxes under the Bankruptcy Code." *In re Gurwitch,* 794 F.2d 584, 585–86 (11th Cir.1986). This Court will not override what it views as a policy judgment made by Congress. See *United States v. Sotelo,* 436 U.S. 268, 279, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978).

THEREFORE it is ORDERED that the Tillerys' motion for order directing trustee to specify all disbursements to the IRS to be applied to the trustee's portion of withholding taxes is DENIED.