Buch, J., dissenting: I join Judge Holmes’ dissent, wherein he correctly observes that the relevant statutory scheme does not allow Tryco to designate a payment for its own benefit and also for the benefit of the Dixons. I write separately to address two other sources of authority that the majority cites. Administrative Authority The majority cites a series of revenue rulings and a revenue procedure for the proposition that “voluntary partial payments of assessed tax, penalties and interest are to be applied as the taxpayer designates.” See op. Ct. p. 185. This statement, so far as it goes, is unremarkable. But the majority stretches that guidance well beyond its terms, and then, citing Rauenhorst v. Commissioner, 119 T.C. 157, 171— 173 (2002), attempts to hold respondent to a position that is not taken in any of the cited guidance. Where there is a linear progression of guidance, it is perhaps best to start at the beginning, which, in this instance, is an income tax ruling from 1947. At the time, interest was deductible for individuals and businesses, and the IRS addressed the question of whether a taxpayer who made a lump-sum payment in compromise of tax, penalties, and interest could deduct interest. Where that lump-sum payment was less than the principal deficiency, the IRS held that no part of that lump-sumpayment could be deducted as interest. I.T. 3852, 1947-1 C.B. 15. What is clear is that this ruling dealt only with the question of interest deductions; it appeared under the heading in the Cumulative Bulletin “SECTION 23(b).— DEDUCTIONS FROM GROSS INCOME: INTEREST.” Rev. Rul. 58-239, 1958-1 C.B. 94, likewise dealt with the issue of interest deductions. That ruling reaffirmed I.T. 3852, supra. But it went on to explain that an undesignated partial payment would be applied first to tax, then penalties, and then interest. And where there are liabilities for multiple years, the payment would be applied to the earliest year first. What does this have to do with the designation of a payment? It was this ruling that began the IRS’ practice of allowing taxpayers to designate that their payments be applied to specific liabilities. The rule was quite specific: Where additional taxes, penalty and interest are assessed for one or more years against a taxpayer whose income is reported on the cash method of accounting, a partial payment thereon tendered to and accepted by the District Director of Internal Revenue with specific directions by the taxpayer as to its application, will be applied, as a general rule, in accordance with such directions. The amount of interest satisfied by such a partial payment will be deductible in computing taxable income for the year in which the payment is made. [Rev. Rul. 58-239, 1958-1 C.B. at 95.] This ruling addressed only the issue of the deductibility of interest by a taxpayer making a partial payment. It had absolutely nothing to do with the ability to designate a payment toward a third party’s liability. Again, if the plain language of the ruling was not clear enough, the ruling appears in the Cumulative Bulletin under a section headed “SECTION 163.— INTEREST” with a subheading “(Also Section 6601: 301.6601.1)”, which is a reference to the Code section for underpayment interest. See Rev. Rul. 58-239, 1958-1 C.B. at 93-94. Next came Rev. Rul. 73-305, 1973-2 C.B. 43, which superseded Rev. Rul. 58-239, supra. The issue in that ruling relates to the application, by the Internal Revenue Service, of a partial payment of tax, penalty, and interest, assessed for one or more taxable periods, made by a taxpayer regularly employing the cash receipts and disbursements method of accounting. The specific question is whether the interest, if any, satisfied by such payment, is deductible for Federal income tax purposes in the year in which it is paid. [Rev. Rul. 73-305, 1973-2 C.B. at 43.] Again, the issue was interest deductions. And again, if the issue was not clear enough from the ruling itself, it was further emphasized by the major heading in the Cumulative Bulletin under which the ruling was printed: “Section 163.— Interest”. Rev. Rul. 73-305, 1973-2 C.B. at 42. The subheading again narrowed it to “26 C.F.R. 1.163 — 1: Interest deduction in general.” Id., 1973-2 C.B. at 43. As the Court notes, this ruling explicitly stated that it did not apply to withheld employment taxes. That limitation was lifted with Rev. Rul. 79-284, 1979-2 C.B. 83. At the risk of being redundant, this ruling also falls under the heading “Section 163. — Interest” and the subheading “26 C.F.R. 1.163-1: Interest deduction in general.” Which brings us to Rev. Proc. 2002-26, 2002-1 C.B. 746. This is the last in the line of administrative guidance addressing this issue, and it superseded those that came before it. Its text continues to address the issue of the ordering of payments. The revenue procedure concludes: If any part of a payment is applied to interest under the rules set forth in this revenue procedure, the amount applied to interest is treated for purposes of § 163 of the Code as interest paid in the year in which the payment is made. Under § 163, interest paid or accrued in a taxable year may be deducted in calculating taxable income for the year except to the extent such interest is personal interest as defined in § 163(h) and § 1.163~9T(b)(2) of the Income Tax Regulations or is otherwise disallowed under applicable provisions of the Internal Revenue Code and Income Tax Regulations. [Id. sec. 3.04, 2002-1 C.B. at 746.] What is clear throughout the history of these revenue rulings and this final revenue procedure is that the IRS was addressing one issue, and one issue only: the deductibility of a partial payment of tax, penalties, and interest. There is no statement in any of these revenue procedures that the IRS agrees to accept the designation of a payment against both the taxpayer’s liability and that of a third party. Rauenhorst rightly holds that the Commissioner should be held to positions taken in published guidance. But in that case, “Respondent’s position * * * directly contradicted his long-standing and clearly articulated administrative position”. Rauenhorst v. Commissioner, 119 T.C. at 171 (citing Phillips v. Commissioner, 88 T.C. 529, 534 (1987), aff’d, 851 F.2d 1492 (D.C. Cir. 1988)). Here, the majority forges a position that is neither longstanding nor clearly articulated by the Commissioner in any published guidance and then holds the Commissioner to that position. Rauenhorst does not go that far. Judicial Authority The majority’s citation of judicial sources of authority starts with an unremarkable statement: “The principle that the IRS must honor a taxpayer’s designation of a voluntary tax payment has been recognized repeatedly by the courts.” See op. Ct. p. 186. And the Court then acknowledges: “We have discovered no case addressing the specific fact pattern involved here, where a taxpayer designates a voluntary payment toward the income tax liability of a named third party.” Id. Unfortunately, the majority then cites a litany of cases as if they supported the Court’s position. They do not. The Court begins with United States v. Energy Res. Co., 495 U.S. 545 (1990). In that case, the Supreme Court held that a bankruptcy court has the authority to designate to which among several liabilities a court-ordered payment must be applied. Citing the same administrative guidance discussed above, the Supreme Court merely observed what IRS policy permits — the designation of a voluntary payment. Id. at 548. The Supreme Court’s holding is unrelated to that point; it held that the Bankruptcy Code gives bankruptcy courts broad authority to modify creditor-debtor relationships, including ordering the IRS to apply payments in a specific manner among the liabilities of the debtor. Id. at 549. This is not even analogous to the facts before us. The Fifth Circuit authority cited by the majority is no more apt. In Wood v. United States, 808 F.2d 411 (5th Cir. 1987), the plaintiff argued that the IRS should have applied certain payments to withholding taxes and not to the employer’s share of the Federal Insurance Contributions Act (FICA) taxes. The plaintiff lost on the facts; the court concluded that the payments had not been unambiguously designated to withholding taxes. But throughout the opinion, the Court of Appeals’ focus is the application of a payment amongst the taxpayer’s liabilities, not the liabilities of a third party. The paragraph discussing the application of voluntary payments makes this clear. It is well established that in the absence of a direction by the taxpayer the IRS can apply a payment to, any outstanding tax liability of the taxpayer. The IRS has announced its intention to follow this practice in applying employment tax deposits. This circuit has approved the application of corporate funds to FICA employers’ tax liabilities before applying the funds to withholding taxes in the absence of a direction by the taxpayer. But if a taxpayer directs that a payment be applied in a certain manner, the IRS must abide by the taxpayer’s direction. [Id. at 416; emphasis added; internal citations omitted.] Only by pulling this last quoted sentence out of context is the majority able to cite Wood for support. In fact, all of the cases cited by the majority stand for the same unremarkable proposition: when a taxpayer makes a partial payment, the taxpayer may designate that the payment be applied to specific liabilities amongst multiple outstanding liabilities of the taxpayer. That is not the case before us. Conclusion Here, Tryco and the Dixons want to designate that a payment be applied simultaneously to two separate liabilities. Judge Holmes’ dissent correctly observes that such a designation is not supported by the statutory scheme. It is also not supported by either administrative or judicial authority. By using Rauenhorst to hold the Commissioner to a position he has never adopted, the Court goes too far. And the caselaw provides no support for the double-dipping that the opinion of the Court allows. As a result, I must dissent. Halpern and Holmes, JJ., agree with this dissent.