164 F.3d 1214
 99 Cal. Daily Op. Serv. 272, 99 Daily Journal
D.A.R. 330,
3 Cal. Bankr. Ct. Rep. 47
In re PRESTIGE LIMITED PARTNERSHIP-CONCORD, a California
Limited Partnership, Debtor.
Prestige Limited Partnership-Concord, Plaintiff-Appellee,
v.
East Bay Car Wash Partners, Defendant-Appellant.
 No. 97-17166.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 8, 1998.
Decided Jan. 11, 1999.
 
 David B. Draper and Martin D. Dioli, Ropers, Majeski, Kohn & Bentley, San Jose, California, for the defendant-appellant.
 Peter W. Davis (argued) and Eugene K. Yamamoto, Crosby, Heafey, Roach & May, San Francisco, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California; Ronald M. Whyte, District Judge, Presiding. D.C. No. CV-97-20312-RMW.
 Before: D.W. NELSON, RYMER, and T.G. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Creditor East Bay Car Wash Partners ("East Bay") timely appeals the district court's order affirming the bankruptcy court's order granting partial summary judgment in favor of debtor Prestige Limited Partnership-Concord ("Prestige") in Prestige's adversary proceeding against East Bay. East Bay's primary contention here is that its attachment of Jerry Brassfield's unpledged assets in a separate state court action on the underlying obligation for breach of guaranty was not an "action" within the purview of Cal.Civ.Proc.Code § 726(a).[1] The bankruptcy court held East Bay violated California's "one action, security-first" rule by pursuing the state court action and attaching Brassfield's unpledged assets, and thereby waived its security interest in Prestige's ground lease under § 726(a). The district court affirmed. We have jurisdiction pursuant to 28 U.S.C. § 158(d),[2] see In re Lyons, 995 F.2d 923, 924 (9th Cir.1993), and we adopt the statement of facts and reasons set forth in the bankruptcy court's published opinion, In re Prestige Ltd. Partnership-Concord, 205 B.R. 427, 434-36 (Bankr.N.D.Cal.1997).
 
 
 2
 We supplement this by rejecting East Bay's argument on appeal that newly-enacted Cal.Civ.Proc.Code § 483.012,[3] inter alia, provides that the attachment of unpledged assets does not violate § 726(a). The plain text of the new statute expressly limits its application to "an action to foreclose a mortgage or deed of trust...." Cal.Civ.Proc.Code § 483.012. Indeed, the title of § 483.012 is, "[a]ctions to foreclose mortgages or deeds of trust; pursuit of remedies; effect." Id.; accord Lynch v. Rank, 747 F.2d 528, 532 (9th Cir.1984), amended on reh'g, 763 F.2d 1098 (9th Cir.1985) (noting "the title of an Act may be a useful aid in resolving ambiguities in a statute") (citations omitted). As it is undisputed that East Bay's state court guaranty action against Brassfield was not at any time an action to foreclose the deed of trust which secured its interest in Prestige's ground lease, § 483.012 does not apply to East Bay's action. Further, there is nothing in the statute's legislative history to suggest otherwise. East Bay's attempt to employ § 483.012 to restore its waived real property security interest consequently fails.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 Cal.Civ.Proc.Code § 726 (West Supp.1994) provides, in relevant part,
 (a) There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter. In the action the court may, by its judgment, direct the sale of the encumbered real property or estate for years therein (or so much of the real property or estate for years as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, the expenses of levy and sale, and the amount due plaintiff ... (emphasis added).
 
 
 [2]
 Title 28 U.S.C. § 158 (1993 & Supp. V 1998) provides, in relevant part,
 (a) The district courts of the United States shall have jurisdiction to hear appeals ...
 ... with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title [governing core proceedings]....
 (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
 
 
 [3]
 Cal.Civ.Proc.Code § 483.012 (West Supp.1998) (eff.Jan. 1, 1998) provides,
 Subject to the restrictions of Sections 580b and 580d, in an action to foreclose a mortgage or deed of trust on real property or an estate for years therein, pursuit of any remedy provided by this title shall not constitute an action for the recovery of a debt for purposes of subdivision (a) of Section 726 or a failure to comply with any other statutory or judicial requirement to proceed first against security. (emphasis added)