**Janet M. NESSE, Trustee, Appellant,**

v.

**The INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA, Appellee.**

No. RWT 03–CV–2223.

United States District Court,
D. Maryland.

Feb. 19, 2004.

David I. Gold, Marc Elliott Albert, Stinson, Morrison, Hecker, LLP, Washington, DC, for Appellants.

Jennifer L. Vozne, United States Department of Justice, Washington, DC, Appellee.

Sunanda K. Holmes, Washington, DC, for Debtor.

## MEMORANDUM OPINION

TITUS, District Judge.

This is an appeal from a decision of United States Bankruptcy Judge Duncan W. Keir in case 99–15568, issued on July 1, 2003, denying the objection by Appellant, Janet M. Nesse, Trustee ("the Trustee") to "Claim No. 62." The decision of the Bankruptcy Court upheld the assessment of penalties by the Internal Revenue Service (the "IRS") on the Debtor, Blair Temporaries and Staffing, Inc. ("Blair"), for its failure to file, deposit and pay employment related taxes, as required under the Internal Revenue Code ("the Code"). This Court held a hearing on the appeal on

February 10, 2004. For the reasons that follow, the court will affirm the decision of the Bankruptcy Court.

## BACKGROUND

Blair is a temporary employment agency. In July of 1997, Blair entered into an agreement with Classical Financial Services, LLC ("Classical") through which Classical, as lender, advanced monies to Blair, as borrower. *See* Tr., June 23, 2003 at 21. Under the agreement, Classical obtained a lien on Blair's receivables, and Blair claimed that Classical was responsible, in relevant part, for Blair's payroll and for the filing, depositing, and paying Blair's employer-related taxes, i.e., tax withholding, Federal Insurance Contributions Act ("FICA") taxes, and Federal Unemployment Tax Act ("FUTA") taxes.[1] Blair's employer-related taxes were not filed, deposited or paid from June 30, 1998 through March 31, 1999. Tr., June 23, 2003, at 15.

In May of 1999, Blair filed a petition for Chapter 11 Bankruptcy protection. In that proceeding, the IRS filed "Claim No. 62," seeking penalties and interest for Blair's failed tax obligations. The Trustee objected to the claim. The Trustee did not dispute the assessment of the taxes, but challenged the assessment of late filing penalties and related interest. *Id.* The Trustee argued that the penalties were excused by "reasonable cause" under 26 U.S.C. §§ 6651 and 6656.

The Trustee's "reasonable cause" assertion was based on the claim that through Blair's agreement with Classical, Classical undertook the responsibility for filing, depositing and paying Blair's taxes, and that through said agreement, Classical's com-

---

1. Classical disputed that it had undertaken any obligation with respect to filing of returns and payment of taxes. As did the Bankruptcy Court, this Court will assume, for purposes of this appeal, that such an arrangement existed.

plete control of Blair's flow of money rendered Blair financially disabled. Relying on *United States v. Boyle,* 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), the Bankruptcy Court held that, notwithstanding any alleged agreement between Blair and Classical, "reliance on an agent to file a return or make payment is not reasonable cause." Tr., June 23, 2003, at 23 (stating, "without even having to completely resolve this somewhat murky factual pattern, it would not be sufficient as reasonable cause[ ] ... under *Boyle* ").

On appeal, the Trustee argues that the Bankruptcy Court erred as a matter of law in determining that "a taxpayer's reliance on an agent to file, [pay and deposit] its tax returns could never constitute 'reasonable cause'" under 26 U.S.C. §§ 6651 and 6656, and for failing to consider that financial difficulties faced by a corporate taxpayer may constitute, under 26 U.S.C. § 6656, "reasonable cause" to avoid penalties for nonpayment of taxes. Appellant's Br. at 1.

## STANDARD OF REVIEW

■ On appeal from a decision of a bankruptcy court, a district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo. See Canal Corp. v. Finnman,* 960 F.2d 396, 399 (4th Cir.1992); *Travelers Ins. Co. v. Bryson Prop., XVIII,* 961 F.2d 496, 499 (4th Cir.), *cert. denied,* 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). In the context of this appeal, the Court will review the Bankruptcy Court's ultimate determination that the Trustee did not establish "reasonable cause" under 26 U.S.C. §§ 6651 or 6656, as one of fact, subject to the clearly erroneous standard, but will review *de novo* the elements of reasonable cause. *See Boyle,* 469 U.S. at 249, 105 S.Ct. 687 (stating, "[w]hether the elements

that constitute 'reasonable cause' are present in a given situation is a question of fact, but what elements must be present to constitute 'reasonable cause' is a question of law").

## DISCUSSION

■ The Code requires employers to withhold from their employees' wages money representing the employees' personal income and FICA taxes. *See* 26 U.S.C. §§ 3101, 3102(a), 3402(a), 3403. These taxes are held in trust for the government. *See* 26 U.S.C. § 7501(a); *see United States v. Energy Res. Co.,* 495 U.S. 545, 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). "Once net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the IRS has recourse only against the employer for their payment." *Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978).

In addition to a withholding obligation, employers are required to pay their portion of FICA taxes, as well as FUTA taxes with respect to each employee. *See* 26 U.S.C. §§ 3111, 3301. Under FICA, taxes are required to be filed and paid on a quarterly basis. *See* 26 U.S.C. § 6011(a); 26 C.F.R. §§ 31.6011(a)–1(a)(1), 31.6011(a)–4, 31.6017(a)–1(a). Under FUTA, taxes are to be filed and paid annually. *See* 26 U.S.C. §§ 3301, 6071, 26 C.F.R. § 30.6011(a)–3, 31.6017(a)–1(c). It is undisputed that Blair did not comply with these obligations from June 30, 1998 through March 31, 1999.

The Code imposes monetary penalties for noncompliance with the filing, depositing and payment requirements. *See* 26 U.S.C. §§ 6651(a)(1), (2) and 6656(a). For the failure to file a return by the proper time, § 6651 provides for an addition to tax unless the taxpayer can show that the

failure was the result of "reasonable cause" and not willful neglect. That section provides in pertinent part, that

[i]n case of failure—

(1) to file any [required] return ... on the date prescribed therefor ... *unless it is shown that such failure is due to reasonable cause* and not due to willful neglect, [a percentage of the amount of such tax] shall be added to the amount required to be shown as tax on such return.

26 U.S.C. § 6651(a)(1) (emphasis added). Part (a)(2) of that section imposes the same penalty for a failure to pay. *Id.* § 6651(a)(2). And, § 6656 imposes such penalty on taxpayers who fail to deposit the required taxes in a government depository on a date prescribed therefor, as required by the Code. *Id.* § 6656(a).

█ To demonstrate "reasonable cause," a taxpayer that has failed to meet its obligations under these sections must show that it "exercised ordinary business care and prudence" but was nonetheless unable to file the return within the prescribed time. *See, e.g.,* 26 C.F.R. § 301.6651–1(c)(1); *Boyle,* 469 U.S. at 252, 105 S.Ct. 687. The "exercise of ordinary business care and prudence" does not, however, relieve the principal of the duty to comply with its obligations under the Code. In *Boyle,* for example, the Supreme Court observed that while "[e]ngaging an attorney to assist in [ ] probate proceedings is plainly an exercise of the 'ordinary business care and prudence' [as] prescribed by the regulations," the attorney's

failure to comply with the estate's tax obligations would not relieve the executor of his duty to comply with the Code. *Boyle,* 469 U.S. at 250, 105 S.Ct. 687.

The decision in *Boyle* resolved a conflict among the circuits as to whether a taxpayer's reliance on an agent to prepare a tax return constituted "reasonable cause" within the meaning of § 6651(a)(1). Boyle, the executor of an estate, argued that late filing penalties were unjustified because of his reliance on his attorney. *Id.* at 244, 105 S.Ct. 687. The Supreme Court held that such reliance was not "reasonable cause for a late filing under § 6651(a)(1)" and that "the failure to make a timely filing of a tax return [was] not excused by the taxpayer's reliance on an agent." *Id.* at 252, 105 S.Ct. 687. The Court reasoned that "Congress placed the burden of filing [a return] on the executor, not on some agent or employee of the executor." *Id.* at 249, 105 S.Ct. 687. It observed, however, that "[w]hen an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." *Id.* at 250–51, 105 S.Ct. 687 (noting, "[t]his case is not one in which a taxpayer has relied on the erroneous advice of counsel concerning a question of law").

*Boyle* announced "as 'bright' a line as [could] be drawn consistent with the statute and implementing regulations," which exempt late filings from penalties when the tardiness results from "factors largely beyond the taxpayer's control."[2] *Id.* at

2. *Boyle* identifies the following reasons, as listed in the Internal Revenue Service Manual, that will exempt penalties for late filings: unavoidable postal delays, timely filing with wrong IRS office, taxpayer reliance on the erroneous advice of an IRS officer/employee, the death or serious illness of the taxpayer or a member of his immediate family, the taxpayer's unavoidable absence, destruction by

casualty of the taxpayer's records or place of business, failure of the IRS to timely furnish the taxpayer with the necessary forms, and the inability of an IRS representative to meet with the taxpayer when the taxpayer makes a timely visit to the IRS office in an attempt to secure information or aid in the preparation of a return. *Boyle,* 469 U.S. at 243 fn. 1, 105 S.Ct. 687.

243 fn. 1, 105 S.Ct. 687 (citing Internal Revenue [Service] Manual (CCH) § 4350, (24) ¶ 22.2(2) (Mar. 20, 1980) (Audit Technique Manual for Estate Tax Examiners)). In so doing, the Supreme Court observed that a less rigid standard toward filing deadlines would risk encouraging a lax attitude toward filing dates. *Id.* at 249, 105 S.Ct. 687.

Under the decision in *Boyle,* Blair's reliance on Classical to file, deposit and pay its employer-related taxes plainly does not constitute "reasonable cause" under §§ 6651 or 6656 of the Code. The reasoning in *Boyle* is quite apposite to the circumstances presented in this appeal. As outlined above, the Code imposes specific tax obligations on employers. Blair's alleged contractual relationship with Classical does not relieve Blair of the duty to comply with the Code. Although the Trustee attempts to distinguish the facts of this case from *Boyle,* as Judge Keir stated, "in the best light that this Court could give this evidence, all that can be really argued is that Blair Temporaries believes that it relied upon Classical as an agent to prepare[, file, deposit and pay Blair's employer-related taxes] and that the agent failed to do it." Tr., June 23, 2003, at 23. While the fact that Blair's agent "maintained total control over [Blair's] purse strings" may *explain* why Blair failed to comply with its tax obligations, such circumstances do not *relieve* Blair of its tax obligations. Appellant's Br. at 10. Classical did not advise Blair on a matter of tax law; it simply did not file, pay or deposit Blair's taxes. Thus, Blair's relationship with Classical is legally indistinguishable from Boyle's relationship with his attorney.

The Trustee's contention that the "reasonable cause" analysis turns on whether Blair "was so disabled by its complete lack of access to, or control over, its own purse strings," Appellant's Br. at 10, ignores *Boyle's* rationale for drawing "as 'bright' a line" consistent with the statute and implementing regulations. As the Court in *Boyle* observed,

[t]he Government has millions of taxpayers to monitor, and our system of self-assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards..... Prompt payment of taxes is imperative to Government, which should not have to assume the burden of unnecessary ad hoc determinations.

*Boyle,* 469 U.S. at 249–50, 105 S.Ct. 687. Moreover, the Trustee's claim of financial disability cannot be equated to one involving a taxpayer "who for some reason was incapable by *objective standards* of meeting the criteria of 'ordinary business care and prudence.'" *Id.* at 249 fn. 6, 105 S.Ct. 687 (emphasis added). The Trustee's contention that Blair's agreement with Classical "placed [Blair] in a position of total financial dependence .... for all intense [sic] and purposes, financially disabl[ing]" Blair, Appellant's Reply Br. at 7, fails to suggest any "objective standards," i.e., circumstances beyond Blair's control, which rendered it incapable of meeting the criteria of "ordinary business care and prudence." Blair voluntarily entered into "an intensive type of arrangement [with Classical] in terms of its need for ministering administration," as described by Judge Keir, Tr., June 23, 2003, at 22, under which Blair may have in fact, as the Trustee alleges, been "completely dependent upon Classical for its everyday needs." Appellant's Br. at 6 fn. 2. Such circumstances, however, were not beyond its control.

## CONCLUSION

For the reasons stated above, this Court concludes that the decision of the Bankruptcy Court is not premised on an error of law and that the finding of a lack of "reasonable cause" was not clearly errone-

ous. Therefore, the decision of the Bankruptcy Court is AFFIRMED.

### ORDER

Having considered the briefs filed by the parties, the record on appeal, the arguments presented by counsel at a hearing held on February 10, 2004, and for the reasons stated in the Memorandum Opinion filed in conjunction with this Order, it is this 19th day of February, 2004, by the United States District Court for the District of Maryland,

**ORDERED** that the decision of the Bankruptcy Court is, and shall be, **AFFIRMED**.